The Court
were of opinion, 1st. that whenever a deed was executed by virtue of a power of attorney, the power, or a copy of it, must be produced; and that as the plaintiff was not bound to have pos *26 session of the original, he may supply its absence with the next best evidence. 2d. That when an instrument of writing must be recorded in order to be valid, a copy, certified by the Register, is sufficient evidence for the party who ought to have the original, if it be lost; and is complete evidence for a stranger. In these cases, which are specified in the acts of the legislature, the law gives evidence to the certificates of the Register, because he acts by its direction and under its authority; but in other cases, his certificates are no more admissible, than those of a private person; and as registration is not necessary to give validity to powers of attorney, the books cannot be received in the present case. If the person who copied the power into the Register’s book were present to prove it a true copy, it would be sufficient, upon the common principle of evidence, that if the party has not the original he may give a copy in evidence; if he has no copy, he may prove by parol the contents of the deed.